**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| IN RE: | DEBORAH L. WHITMIRE, | : | Chapter 13 |
| | | : | |
| | Debtor | : | Bky. No. 20-10818 ELF |

# O R D E R

AND NOW, upon consideration of the Objection to Confirmation, ("the Objection") (Doc # 54), filed by Home Loan Investment Bank, F.S.B. ("Home Loan"), and after an evidentiary hearing, it is hereby **ORDERED** that:

1. Subject to Paragraph 2 below, the Objection is **OVERRULED** and, by separate order, the Debtor's most recently filed chapter 13 plan will be confirmed.[1]

2. In the event that the Debtor falls two (2) plan payments in arrears, the Chapter 13 Trustee shall promptly file a motion to dismiss the case under 11 U.S.C. §1307(c)(6).[2]

3. Paragraph 2 shall expire on 11:59 p.m. on **January 18, 2022**.

4. At any hearing on a motion to dismiss for failure to make plan payments, whether pursuant to Paragraph 2 above or otherwise, if the court decides to grant the motion, the court also will consider (on its own motion, if necessary) including in the dismissal order a provision restricting the Debtor's right to refile a new bankruptcy case.

Date: January 19, 2021

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

# END NOTES

1. Home Loan's objected to confirmation of the Debtor's chapter 13 plan on the ground that it is not feasible.  See 11 U.S.C. §1325(a)(6).

> To satisfy feasibility, a debtor's plan must have a reasonable likelihood of success, i.e., that it is likely that the debtor will have the necessary resources to make all payments as directed by the plan. 11 U.S.C. § 1325(a)(6).... The debtor carries the initial burden of showing that the plan is feasible.... Before confirmation, the bankruptcy court should be satisfied that the debtor has the present as well as the future financial capacity to comply with the terms of the plan.

In re Scott-Gage, 2008 WL 724769, at *4 (Bankr. E.D. Pa. Mar. 17, 2008) (quoting In re Fantasia, 211 B.R. 420, 423 (B.A.P. 1 st Cir.1997).

This case presents a close call.  The Debtor's budget is extremely tight and some of monthly expenses, on their face, appear underestimated (e.g., automobile).  In addition, there is some reason to believe that the Debtor's income will not reliably be at the level she posited at the hearing.

On the other hand, as of the date of the hearing, the Debtor made the initial "stepped-up" payment under her proposed plan.  Also, she testified that she has access to financial support from several family members.  While that testimony would have been more convincing had it been corroborated by additional testimony, as fact finder, I found the Debtor credible, so I will give her the benefit of the doubt on the issue.

Tipping the balance in the Debtor's favor is my acceptance of the view, expressed by some courts, that  the feasibility requirement as "not rigorous," see In re Lafferty, 2019 WL

10431875, at *9 (Bankr. M.D. Pa. Dec. 16, 2019).  In addition, in an appropriate case, some courts favor giving the debtor an opportunity to prove feasibility by performance, while building in protections for creditors, see In re Oglesby, 150 B.R. 620 (Bankr. E.D. Pa. 1993).

      Here, where feasibility is a close call and the Debtor has had prior chapter 13 cases that (although obtaining plan confirmation ) were not completed, I will build into this order certain protections for Home Loan.

2.      I am aware that the Trustee's general policy is to seek dismissal when a debtor falls two (2) months behind in plan payments.  The purpose of this provision is to encourage the Trustee to closely monitor the Debtor's plan performance in this case.